ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 APR -4 A 9:59

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DESI LEE HYMAN JACKSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 314-002 |
| MR. WHITE, Prison Guard, Telfair State Prison, et al., | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 22). The Magistrate Judge determined that Plaintiff lied about his filing history under penalty of perjury by failing to disclose at least one previous case he had filed in federal court. (Doc. no. 20, pp. 2-4.) As a result, he recommended that this case be dismissed without prejudice as a sanction for Plaintiff's abuse of the judicial process. (Id. at 4.)

In his objections, Plaintiff asserts that he did, in fact, include the information about the suit the Magistrate Judge determined he failed to disclose. (Doc. no. 22, p. 1.) Plaintiff asserts that he might have given the previous number used in the Middle District of Georgia, 513-cv-368, before the case was transferred to this District and reassigned case number 313-cv-072. (Id. at 2.) However, Plaintiff states that even if the information is not in the amended complaint, he did not intentionally answer the question untruthfully. (Id.)

Upon consideration, the Court finds that Plaintiff's objections lack merit. As the Magistrate Judge correctly found, Plaintiff did not disclose one of his previous cases filed in federal court, either under the number in this District, 313-cv-072, or in the Middle District of Georgia, 513-cv-365. (See generally doc. no. 17.) Plaintiff thus provided false information about his filing history to the Court by declaring, under penalty of perjury, that he had only brought four other cases, when in fact he had brought at least one other, and the Court cannot tolerate such abuse of the judicial process. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998) (emphasizing seriousness of abuse of judicial process that occurs when litigant lies about the existence of a prior lawsuit), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Thus, Plaintiff's objections provide no basis for departing from the Magistrate Judge's analysis in the R&R and are **OVERRULED**.

Plaintiff also requests a chance to amend his complaint "to correct any discrepencies [sic]." (Doc. no. 22, p. 2.) A party is allowed to amend his pleading once, as a matter of course, at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). However, "allowing Plaintiff to amend his complaint to include the cases cited in the R&R at this time would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Brown v. Overstreet, CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008). Put another way, to allow Plaintiff to now "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (*per curiam*); see also Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (*per curiam*) (rejecting plaintiff's argument that district court abused its discretion by dismissing his complaint without prejudice as a sanction for abuse of the judicial process before

2

"allowing him 'to correct' his failure to disclose his prior litigation history."). Plaintiff's request to amend is thus **DENIED**. (Doc. no. 22, p. 2.)

Plaintiff last requests a copy of his complaint. (Id. at 1.) Despite the fact that Plaintiff is proceeding *in forma pauperis*, he is not entitled to free copies of case filings. See Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (*per curiam*) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ." (citation omitted)); see also Cardwell v. Gammon, No. 1:06-cv-58, 2007 WL 2683761, at *2 (M.D. Ga. Sept. 7, 2007) ("[P]laintiff's *in forma pauperis* status does not entitle him to free copies or allow him to avoid discovery copying costs."). Accordingly, Plaintiff's motion for a copy of his complaint is **DENIED**. (Doc. no. 22, p. 1.) Copies of Court records or papers may be purchased at a cost of $.50 per page from the Clerk of Court.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process, and this civil action is **CLOSED**.

SO ORDERED this ___ day of April, 2014, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE